# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

July 12, 2017

Daniel S. Ruzumna
Partner
(212) 336-2034
Direct Fax  (212) 336-1205
druzumna@pbwt.com

Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *United States v. American Univ. of Beirut*
        **No. 14 Civ. 6899 (JPO)**

Dear Judge Oetken:

We represent the American University of Beirut ("AUB" or the "University") in the above-captioned case.  We write in response to David Abrams's letters submitted June 14, 2017 and June 25, 2017.  AUB does not oppose Mr. Abrams's application for partial unsealing—with appropriate redactions—of the Court's May 15, 2017 Opinion and Order (the "May 15 Order") granting AUB's request for a continued limited seal of the relator's identity.  However, because Mr. Abrams has initiated an appeal of the May 15 Order to the Second Circuit, the Court is divested of jurisdiction to consider his latest request to "unseal the entire record in this matter."

## AUB Does Not Oppose Partial Unsealing of the May 15 Order

Mr. Abrams' June 14, 2017 letter requests that the Court unseal the May 15 Order that maintained the sealing of the relator's identity in this action.  In the May 15 Order, the Court explained the governing standards concerning public access to judicial documents, and reasoned that the legitimate prospect of harm to members of the University community outweighed the limited presumption of access to the identity of the relator.  AUB does not object to unsealing of the May 15 Order in redacted form.  In accordance with Section 2.E.ii of the Court's individual practices, we have submitted to Chambers a copy of the May 15 Order that is highlighted to note AUB's proposed redactions.  As Your Honor will note, we propose redacting the identity of the relator and the particular grounds on which AUB sought to maintain the seal of the relator's identity.  These redactions are consistent with the Court's ruling and with the reasons underlying Your Honor's decision to maintain the limited seal.

Hon. J. Paul Oetken
July 12, 2017
Page 2

### This Court Lacks Jurisdiction to Consider Counsel's Request to Unseal "the Entire Record in this Matter"

      Mr. Abrams has submitted another letter, dated June 21, 2017 but which was not filed until June 25, 2017.  Although this letter was filed by Mr. Abrams, counsel to the relator in this matter, the letter purports to be filed "on behalf of Ruthie Blum," who is described as a "blogger and journalist."[1]  The letter seeks the wholesale "unsealing of the Court file in this matter so that [Ms. Blum] can review it and determine whether there is information worth sharing with the public."

      Before submitting this letter to this Court, counsel filed a notice of appeal with the Second Circuit on behalf of the relator on June 2, 2017.  The Second Circuit docket notes that the order appealed from is the May 15 Order maintaining the limited seal.

      Under these circumstances, this Court lacks jurisdiction to rule on the request in counsel's June 25 letter.  The U.S. Supreme Court has explained that the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (superseded on other grounds); *accord Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir. 2004).  The rule is designed "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989).  When a court considers whether it has retained jurisdiction over an issue, the critical question is whether that issue was "raised and decided in the order that is on appeal."  *See Uzan*, 388 F.3d at 53 (quoting *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)).

      Here, the issue on appeal will be whether this Court was correct to grant AUB's request for a limited, continued sealing of the relator's name.  This is precisely the same issue raised in Mr. Abrams's latest letter.  *See* June 25, 2017 Ltr. at 1 ("Accordingly, on behalf of Ms. Blum, *I would like to apply to unseal the entire record in this matter*." (emphasis added).  Moreover, Mr. Abrams's purported rationale for unsealing—that the case might contain "information worth sharing with the public"—was previously raised by Mr. Abrams and squarely rejected by this Court.  *See* Abrams Apr. 3, 2017 Ltr. at 1–3; May 15 Ord. at 2.  Having appealed this Court's ruling on the issue, Mr. Abrams must now take his arguments to the Second Circuit.  Accordingly, the Court's limited sealing order should be not be disturbed until the appeal is resolved or withdrawn.

---

[1] The letter does not claim that Ms. Blum has any connection whatsoever to the instant matter.  Nor does it even attempt to explain how Ms. Blum came to be aware of the limited redactions in this case—nor how she came to be represented by the same attorney that represents the relator.

Hon. J. Paul Oetken
July 12, 2017
Page 3

      Finally, AUB notes that Mr. Abrams's request to unseal the entire matter should fail for other reasons, including that (1) Ms. Blum is not a legitimate party to this action and lacks standing to re-litigate the limited seal, and (2) Mr. Abrams has failed to address or meet the governing standard for reconsideration of the May 15 Order.  But because the relator's appeal divests this Court of jurisdiction over this issue, the Court need not consider these deficiencies at this time.

Respectfully,

Daniel S. Ruzumna