UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ███████████████, | |
| Plaintiff, | |
| -v- | 14-CV-6899 (JPO) |
| AMERICAN UNIVERSITY OF BEIRUT, | OPINION AND ORDER |
| Defendant. | |
| | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| -v- | |
| AMERICAN UNIVERSITY OF BEIRUT, | |
| Defendant. | |

J. PAUL OETKEN, District Judge:

On May 15, 2017, this Court entered, under seal, an Opinion and Order in this case, maintaining the narrow sealing order at Docket Number 12. (Dkt. No. 31.) On June 14, 2017, this Court received a letter from the Relator requesting that the Court unseal its May 15, 2017, Opinion and Order in redacted format.

AUB does not oppose the unsealing of the May 15, 2017, Opinion and Order in redacted format. (Dkt. No. 34.) As such, AUB submitted a redacted form of the Opinion and Order, which is attached as Exhibit A.

On June 25, 2017, this Court received a letter on behalf of Ruthie Blum, "a blogger and journalist," requesting that the Court unseal the entire record in this matter. (Dkt. No. 33.) As AUB notes, however, this Court lacks jurisdiction to consider the request to unseal the entire

record because jurisdiction over this aspect of the case has been transferred to the Second Circuit.

Here, counsel for the Relator filed a notice of appeal with the Second Circuit on June 2, 2017.  The issue on appeal will be whether this Court erred in granting AUB's request for a limited, continued sealing of the relator's name—the precise issue raised in Ms. Blum's letter. (*See* Dkt. No. 33.)  "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Counsel's "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Id.*

For the foregoing reasons, the request to unseal the Court's May 15, 2017, Opinion and Order in redacted format is GRANTED and the request to unseal the entire case is DENIED.

SO ORDERED.

Dated: July 27, 2017
       New York, New York

J. PAUL OETKEN
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, *ex rel.*

█████████████████████ ,

       Plaintiff,

  -v-

AMERICAN UNIVERSITY OF BEIRUT,

       Defendant.

---

UNITED STATES OF AMERICA,

       Plaintiff-Intervenor,

  -v-

AMERICAN UNIVERSITY OF BEIRUT,

       Defendant.

---

**UNDER SEAL**

14-CV-6899 (JPO)

<u>OPINION AND ORDER</u>

J. PAUL OETKEN, District Judge:

On March 21, 2017, Defendant American University of Beirut ("AUB") wrote to inform the Court that AUB had successfully negotiated a settlement agreement with the government, and to ask that the Court grant its request to keep under seal the identity of the relator in this matter. On March 28, 2017, the Court lifted the seal on certain of the documents at issue in this case, but kept the name of the relator redacted. (Dkt. No. 12.) On April 3, 2017, the relator, █████ ████████████████████ , filed a letter objecting to the redaction of ██ identity. AUB filed a reply letter on April 13, 2017. Having reviewed the relevant submissions, AUB's request to keep the identity of the relator under seal is granted.

**I.**  **Discussion**

Requests to seal judicial documents are governed by the standards set forth in *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006), and its progeny. Under *Lugosch*, the Court first

1

determines whether the documents at issue are judicial documents, in which case the common law presumption of access attaches. *Id.* at 120 ("[I]t is well established that the public and the press have a qualified First Amendment right to . . . access certain judicial documents."). In this case, there appears to be no doubt that the documents sought to be redacted—including the First Amended Complaint and all other publicly accessible documents—are such judicial documents.

"Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* To do so, the Court considers the "role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Here, the identity of the relator is tangential to the exercise of the Court's Article III judicial power. This is because, under the False Claims Act ("FCA"), relators may file *qui tam* actions and recover damages *on behalf of the United States. See* 31 U.S.C. § 3730(b). In this posture, the Court accords limited weight to the presumption of access to the identity of the relator.

Against this, the Court must balance competing considerations. *Lugosch*, 435 F.3d at 120. "[T]ransparency must at times yield to more compelling interests," such as "legitimate national-security concerns." *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008). In its motion, AUB plausibly asserts that █████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████ (March 21, 2017, Letter Motion at 2-3.)

The Court concludes that the balance weighs in favor of redacting all reference to the identity of the relator.

2

The Court recognizes that "it is the responsibility of the district court to ensure that sealing documents to which the public has a First Amendment right is no broader than necessary," *Aref*, 533 F.3d at 82, and determines that the ordered redaction is no broader than necessary to protect the interests identified in this Order.

## II.   Conclusion

For the foregoing reasons, the Court maintains the narrow sealing order in this case at Docket Number 12.  This Order and the letters upon which it is based shall be mailed to the parties and placed under seal.

SO ORDERED.

Dated: May 15, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

3