UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

UNITED STATES OF AMERICA, *ex rel.*
███████████████████,

                  Plaintiff,

-v-

AMERICAN UNIVERSITY OF BEIRUT,

                  Defendant.

-----------------------------------------------------------

UNITED STATES OF AMERICA,

                  Plaintiff-Intervenor,

-v-

AMERICAN UNIVERSITY OF BEIRUT,

                  Defendant.

-----------------------------------------------------------

14-CV-6899 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On June 1, 2017, David Abrams, attorney for the Relator in this action, filed a motion for attorney's fees and costs pursuant to 31 U.S.C. 3730(d) and an affidavit in support thereof. (Dkt. Nos. 28 & 29.) The same day, Defendant American University of Beirut ("AUB") filed a memorandum in opposition to Mr. Abrams' request, which argues that any fee award should be considerably reduced. (Dkt. No. 30.) For the reasons that follow, the request for fees is granted at a reduced amount.

I.     **Discussion**

Mr. Abrams requests $19,500 in attorney's fees and costs. (Dkt. No. 29 ¶ 12.) This amount reflects 38.2 hours of work at $500 an hour (totaling $19,100) as well as a $400 filing fee. (*Id.* ¶¶ 10–11.) Mr. Abrams was previously approved at a rate of $400 an hour in the Eastern District of New York. (*Id.* ¶ 6 (citing *Mensah v. Falletta Carting Corp.*, No. 15 Civ.

1

3227 (E.D.N.Y. Aug. 8, 2016); *Saldana v. New Start Group, Inc.*, No. 14 Civ. 4049 (E.D.N.Y. July 6, 2016).) He asks for an increase in his hourly rate based on his understanding that "Courts regularly approve higher hourly rates for attorneys in the Southern District than in other districts" and because of the complexity of this matter, which "is an international dispute involving millions of dollars of grant payments from the federal government." (Dkt. No. 29 ¶ 7.)

However, a reduction of Mr. Abrams' fee request is warranted for three reasons: (1) Mr. Abrams is not entitled to a higher hourly rate in this district than in the Eastern District; (2) the Relator prevailed on only two of the five asserted allegations; and (3) Mr. Abrams is not entitled to recover for hours he has not yet worked.

First, Mr. Abrams is not entitled to a higher hourly rate simply because this case was filed in the Southern District, as opposed to the Eastern District, of New York. Courts have "previously questioned the wisdom and fairness of utilizing a 'prevailing rate' that differs on average by more than $100.00 per hour depending on which side of the Brooklyn Bridge the court sits." *Alveranga v. Winston*, No. 04 Civ. 4356, 2007 WL 595069, at *7 (E.D.N.Y. Feb. 22, 2007). Moreover, the complexity of the case does not impact the Court's calculation of a reasonable hour rate. "'[T]he novelty and complexity of a case generally may not be used as a ground for [adjusting the lodestar]' because they are already included in the lodestar calculation itself, being 'fully reflected in the number of billable hours recorded by counsel.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (alterations in original) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)). As such, the Court concludes that an hourly rate of $400 is reasonable in this case.

Second, the Court notes that "[t]he most important factor in determining the reasonableness of a fee is the degree of success obtained." *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996). "In determining the number of hours reasonably expended for purposes of

2

calculating the lodestar, the district court should exclude . . . hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Here, the Relator prevailed on two of the five general allegations raised in its Amended Complaint. (*See* Dkt. No. 30 at 3–5.) Mr. Abrams's records are not clear about which entries relate to which claims, so the Court applies an overall reduction of 60%, reflecting the fact that Relator did not prevail on three out of five of its distinct sets of allegations. *See T.K. ex rel. L.K. v. New York City Dep't of Educ.*, No. 11 Civ. 3964, 2012 WL 1107660, at *7 (S.D.N.Y. Mar. 30, 2012) ("[C]ourts have applied an across-the-board reduction to fee requests in order to reflect the limited degree of a party's success.").

Finally, the Court will not credit Mr. Abrams' entry for two hours of "anticipated future work." *See De La Paz v. Rubin & Rothman, LLC*, No. 11 Civ. 9625, 2013 WL 6184425 (S.D.N.Y. Nov. 25, 2013) (adopting a report and recommendation denying a request for prospective attorney's fees).

**II.     Conclusion**

For the foregoing reasons, the Court grants Relator's motion for attorney's fees in the amount of $6,192. This reflects an hourly rate of $400 for 36.2 hours, reduced by 60%, in addition to the $400 filing fee.

The Clerk of Court is directed to close the motion at Docket Number 28.

SO ORDERED.

Dated: August 17, 2017
      New York, New York

_____
J. PAUL OETKEN
United States District Judge