# MANDATE

17-1806-cv
United States of America ex rel. v. American University of Beirut

1:14-cv-06899-JPO

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of April, two thousand eighteen.

Present:  JOHN M. WALKER, JR.,
          ROSEMARY S. POOLER,
                        *Circuit Judges*.
          DENISE COTE,[1]
                        *District Judge*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 31, 2018

_____

UNITED STATES OF AMERICA EX REL.,

   *Plaintiff-Appellant*,

UNITED STATES OF AMERICA,

   *Intervenor-Plaintiff*,

   v.                                    No. 17-1806

AMERICAN UNIVERSITY OF BEIRUT,

   *Defendant-Appellee*.
_____

Appearing for Appellant:   David Abrams (Stephanie Goldberg, Benjamin N. Cardozo School of Law, *on the brief*), New York, N.Y.

---

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 05/31/2018

Appearing for Appellee:     Daniel S. Ruzumna, Patterson Belknap Webb & Tyler LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

The relator in this qui tam action appeals from the order entered May 16, 2017 in the United States District Court for the Southern District of New York (Oetken, *J.*) sealing its identity.[2] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review sealing decisions for abuse of discretion. *Newsday LLC v. County of Nassau*, 730 F.3d 157, 163 (2d Cir. 2013). Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment, and a slightly weaker form based in federal common law. *Id.* Under the First Amendment, there is a presumptive right of access to documents: (1) where the documents have historically been open to the public, (2) public access plays a significant positive role in the functioning of the court process in question, or (3) that are derived from or serve as a necessary corollary to the capacity to attend court proceedings. *Id.* at 163-64. This presumptive right to access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim. *Id.* at 165 (internal quotation marks omitted).

By contrast, the common law right operates slightly differently. *Id.* "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. (internal quotation marks omitted). "Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it." *Id*. at 120 (internal quotation marks). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*. (internal quotation marks omitted).

There is no question that the documents at issue here are judicial documents. The district court found that the identity of the relator in a False Claims Act case is tangential to the court's exercise of its judicial powers, and thus the common law right of access was to be afforded "limited weight." App'x at 72. Finding that American University "plausibly assert[ed]" security concerns sufficient to outweigh the public's right of access to the identity of the relator, the

---

[2] The relator filed an amended notice of appeal purporting to include the district court's July 27, 2017 order. To the extent that the relator challenges any redaction decisions contained in the district court's July 27, 2017 order, our conclusion that the sealing decision in the May order was not an abuse of discretion applies equally to decisions in the July order.

2

district court ordered the relator's identity sealed. App'x at 72. We affirm. The district court did not exceed the bounds of its discretion in ordering the limited seal at issue here.

Nor did the district court abuse its discretion under the more demanding standard which governs the First Amendment right to access certain judicial documents. *See Lugosch*, 435 F.3d at 120. ("A court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the [First Amendment] inquiry" because "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). The district court here made specific, on-the-record findings and determined that sealing was necessary "to preserve higher values." The district court's order was narrowly tailored, ordering only the relator's name and any identifying information to remain under seal.

We have considered the remainder of Appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3